UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD GROSSY,<br><br>   Plaintiff,<br><br>v.<br><br>ESSEX COUNTY CORRECTIONAL FACILITY,<br>et al.,<br><br>   Defendants. | Civ. No. 16-4849 (KM) (JBC)<br><br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

The plaintiff, Richard Grossy, is a state prisoner currently incarcerated at the Southern State Correctional Facility in Delmont, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, Mr. Grossy's complaint will be permitted to proceed in part.

### II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. The complaint names six defendants: (1) Essex County Correctional Facility; (2) City of Newark; (3) County of Essex; (4) Alfred Ortiz – Director of Essex County Correctional Facility; (5) Bryan Rodriguez – Employed at Essex County Correctional Facility; and (6) Derrick Thompson – Inmate at Essex County Correctional Facility.

Mr. Grossy's period of incarceration at the Essex County Correctional Facility began in December, 2014. At that time, Mr. Grossy alleges, he was assaulted by another inmate, Derrick Thompson, whom he names as a defendant. The complaint also names defendant Rodriguez, who, according to Grossy, was responsible for Grossy's safety but through "negligence" permitted Grossy to be assaulted. (Dkt. No. 1 at p. 8) Rodriguez allegedly had two untrained/unqualified inmates move defendant following his assault, which created further injury. According to the investigation report attached to the complaint, Mr. Grossy was sent for medical treatment.

As I understand the complaint, Mr. Grossy states that the assault occurred in an area that does not have surveillance camera coverage: the "Sally Port area." The Essex County Correctional Facility, he says, has an unwritten policy that correctional staff do not enter areas that lack security cameras, leaving inmates vulnerable to assaults in those areas. Poor training, he says, resulted in the correctional staff not understanding that they should not "order unqualified medical personnel, ie. two inmates to move plaintiff who suffered head/neck trauma and exacerbated plaintiff's shoulder injuries." (Dkt. No. 1 at p.7) Mr. Grossy further seeks to hold the City of Newark and the County of Essex responsible for the policies and procedures within the Essex County Correctional Facility. I construe the complaint liberally as an attempt to hold defendant Ortiz liable as the alleged "policymaker."

Mr. Grossy explicitly states in his complaint that he is seeking relief against the defendants under 42 U.S.C. § 1983 and under *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978). He seeks damages as well as injunctive relief in the form of placing surveillance cameras at the Essex County Correctional Facility to eliminate the gaps in coverage.

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus a claim under § 1983 requires first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Essex County Correctional Facility

Mr. Grossy first names the Essex County Correctional Facility as a defendant in this action. However, the Essex County Correctional Facility is not a "person" subject to 1983 liability. *See Owens v. Armstrong*, 171 F. Supp. 3d 316, 337 (D.N.J. 2016) (citing *Grabow v.*

4

*Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J.1989)). Therefore, Mr. Grossy's claims against this defendant will be dismissed with prejudice.

B. <u>Derrick Thompson</u>

Derrick Thompson, a fellow inmate, allegedly assaulted Grossy while they both were incarcerated. These allegations set forth no basis for a claim under § 1983, which provides a remedy against persons acting under color of state law. It is not alleged that Thompson acted on behalf of the State or conspired with State actors to deny Mr. Grossy his constitutional rights. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (fellow inmate who assaulted plaintiff not a state actor and did not act under color of state law so cannot be liable under Section 1983). Therefore this Court will dismiss Mr. Grosssy's § 1983 claims against Thompson with prejudice for failure to state a claim.

C. <u>Bryan Rodriguez</u>

Mr. Grossy asserts that Rodriguez was directly responsible for his safety, and that Rodriguez's negligence permitted the assault to occur. Furthermore, Mr. Grossy states that Rodriguez ordered untrained inmates to move him after the assault, causing him further injury. This Court construes these allegations against Rodriguez as raising two distinct claims: one claim of failure to protect, and another of deliberate indifference to his serious medical needs.

    i. *Failure to Protect*

To state a claim against a prison official for failure to protect, "the inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L .Ed. 2d

5

811 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). "Deliberate indifference" is a subjective standard whereby "'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Id.* (citing *Beers–Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). As noted by the Third Circuit:

> It is not sufficient that the official should have known of the risk. [*Beers Capitol*, 256 F.3d at] 133. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

*Bistrian*, 696 F.3d at 367.

The complaint does not allege that Mr. Grossy was incarcerated under conditions posing a substantial risk of serious harm or that Rodriguez was deliberately indifferent to that risk. Indeed, Mr. Grossy alleges only that Rodriguez was negligent. Therefore, the Court will dismiss the failure to protect claim as against Rodriguez without prejudice for failure to state a claim upon which relief may be granted.

    *ii.    Deliberate Indifference to Serious Medical Need*

Rodriguez allegedly caused Grossy further injury by having two untrained inmates move him. Such a claim of deliberate indifference to serious medical needs is analyzed under the standards of the Eighth Amendment.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison

> official: "(1) knows of a prisoner's need for medical treatment but
> intentionally refuses to provide it; (2) delays necessary medical
> treatment based on a nonmedical reason; or (3) prevents a prisoner
> from receiving needed or recommended treatment." *Rouse*, 182
> F.3d at 197. Deference is given to prison medical authorities in the
> diagnosis and treatment of patients, and courts "disavow any
> attempt to second-guess the propriety or adequacy of a particular
> course of treatment ... (which) remains a question of sound
> professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*,
> 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551
> F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or
> medical malpractice do not trigger constitutional protections.
> *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

Rodriguez is not alleged to have ignored Mr. Grossy's injuries after the assault. Rather, he had two inmates help move him. At most this action is alleged to have been negligent. *See Jones v. Cnty. Jail C.F.C.F.*, 610 F. App'x 167, 169 (3d Cir. 2015) (negligence is insufficient to state an Eighth Amendment claim). Therefore, this claim against Rodriguez will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

D. <u>City of Newark, County of Essex, Alfred Ortiz</u>

I construe the complaint as raise two distinct *Monell* claims against defendants the City of Newark, County of Essex, and Alfred Ortiz. The first is a claim that these defendants failed to

7

train personnel, resulting in their ordering unqualified medical personnel to move him. The second is a claim that there was an unwritten policy that correctional facility staff would not enter areas unmonitored by security cameras, exposing inmates to assault in those areas.

    i.    *Failure to Train*

To hold a city or municipality liable under § 1983, the plaintiff must demonstrate that her rights were violated by a policy or custom of the city and that such policy or custom has been "the moving force" behind the deprivation of her constitutional rights. *See Monell*, 436 U.S. at 694. Municipal policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." *Id.* at 690. A municipal custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute ... the force of law." *Id.* at 691.

> An individual's conduct implements official policy or practice under several types of circumstances, including when (1) the individual acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, (2) the individual himself has final policy-making authority such that his conduct represents official policy, or (3) a final policy-maker renders the individual's conduct official for liability purposes by having delegated to him authority to act or speak for the government, or by ratifying the conduct or speech after it has occurred.

*Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478–84, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); *McGreevy v. Stroup*, 413 F.3d 359, 367; *LaVerdure v. County of Montgomery*, 324 F.3d 123, 125–126 (3d Cir. 2003).

Under certain circumstances, a municipality's failure to properly train its employees and officers can amount to a "custom" that will trigger liability under § 1983. *See City of Canton v.*

*Harris*, 489 U.S. 378, 388 (1989). When a plaintiff alleges that a policy "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citations omitted). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted). However,

> in a narrow range of circumstances, a violation of federal rights may be a highly predicable consequence of a failure to equip law enforcement officers with specific tools to handle recurrent situations. The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights could justify a finding that policymakers' decision not to train the officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice-namely, a violation of a specific constitutional or statutory right.

*Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)).

Mr. Grossy does not allege a pattern of similar constitutional violations by untrained employees. Nevertheless, at this early stage of the proceedings, this Court will permit Mr. Grossy's failure to train claim to proceed against the City of Newark, the County of Essex, and Ortiz under the narrow circumstances described in *Bryan County*.

ii. *Policy that Officers Would not Enter Refrain Unmonitored Areas*

I will also permit Mr. Grossy's *Monell* claim to proceed with respect to the alleged policy of having correctional officers remain outside of unsurveilled areas. That claim may proceed past screening as to defendants the City of Newark, Essex County, and Ortiz.

E. Injunctive Relief

Mr. Grossy seeks injunctive relief in the form of a requirement that additional cameras be placed at the Essex County Correctional Facility to eliminate the gaps in surveillance coverage. However, Mr. Grossy is no longer incarcerated at that facility. Instead, he is now incarcerated at the Southern State Correctional Facility. This transfer moots his request for injunctive relief. *See Abdul–Akbar v. Watson*, 4 F.3d 195, 206–07 (3d Cir. 1993) (finding prisoner's transfer or release from prison moots claims for injunctive or declaratory relief as prisoner no longer subject to allegedly unconstitutional conditions).

## V. CONCLUSION

For the foregoing reasons, Mr. Grossy's claims against the Essex County Correctional Facility and Derrick Thompson will be dismissed with prejudice for failure to state a claim upon which relief may be granted. Mr. Grossy's claims against Bryan Rodriguez will be dismissed without prejudice for failure to state a claim. Mr. Grossy's claims for monetary relief against the City of Newark, County of Essex and Alfred Ortiz shall be permitted to proceed under the theory described in *Bryan County*. His claims for injunctive relief are denied as moot. An appropriate order will be entered.

DATED: January 17, 2017

KEVIN MCNULTY
United States District Judge