UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD GROSSY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK et al.,<br><br>Defendants. | Civ. No. 16-4849 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Richard Grossy, was a state inmate incarcerated at Southern State Correctional Facility, in Delmont, New Jersey, when he commenced this action. He is proceeding pro se and *in forma pauperis* with a civil rights complaint under 42 U.S.C. § 1983.

Now before the Court are two motions. Defendant the City of Newark ("the City") moves to dismiss Mr. Grossy's complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) Mr. Grossy moves for the appointment of pro bono counsel to assist him. (ECF No. 16.) No party has filed papers in opposition to either motion. I nevertheless review the merits. The Court having reviewed the parties' filings on these motions, and for the reasons stated below, the City's motion to dismiss will be granted and Mr. Grossy's motion for appointment of pro bono counsel will be denied.

## II. BACKGROUND

Mr. Grossy commenced this action with a complaint filed August 9, 2016, which alleges civil rights claims arising from a December 28, 2014 incident in the Essex County Correctional Facility. (Complaint, ECF No. 1.) Mr. Grossy alleges that another inmate, Derrick Thompson,

assaulted him in an area of the facility that lacked security cameras. Mr. Grossy asserts that his harm resulted from both the absence of cameras and an unwritten policy that barred facility staff from entering areas lacking cameras. Mr. Grossy further alleges that a decision to have two inmates move him after he suffered a head and neck injury exacerbated his injuries.

The complaint alleges that Mr. Grossy's harm was caused or worsened by facility policies and failure to properly train staff. It asserted claims under 42 U.S.C. § 1983 against the Essex County Correctional Facility, the City, the County of Essex ("the County"), Essex County Department of Corrections Director Alfaro Ortiz,[1] Corrections Officer Bryan Rodriguez, and inmate Derrick Thompson. The full extent of the allegations against the City are as follows:

> On December 28, 2014 the City of Newark was liable/responsible for the Essex County Correction Facilitys [sic] fitness for operation, training of personnel, supervision of staff and inmates, safety of the same, and overall security of all persons in or on the property of the Essex County Correction Facility. The City is ultimately responsible for the approval of policy and procedure within the facility.

(ECF No. 1.) The complaint used virtually identical wording to allege liability against the County. (*Id.*)

This Court issued an opinion and order on January 17, 2017 screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (ECF Nos. 4, 5.) The Court dismissed the claims as against defendants the Essex County Correctional Facility, Rodriguez, and Thompson, for failure to state a claim upon which relief could be granted. The claims against the other defendants were permitted to proceed under theories of supervisory and municipal liability. Defendants Ortiz and the County filed a timely answer to the complaint on March 29, 2017. (ECF No. 10.)

---

[1] Impleaded as "Alfred Ortiz." (ECF No. 1.)

2

## III. THE CITY'S MOTION TO DISMISS

The City now moves to dismiss the complaint as against it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) It asserts that it does not set policy or procedure for, or train staff at, the Essex County Correctional Facility, which "is a separate entity from the City." (ECF No. 13-1 at 5, 9.) Accordingly, the City argues that it could not be held liable for any failure in policies or training at that facility. (*Id.* at 9.)[2]

The standard of review on a motion to dismiss for failure to state a claim under Rule 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive such a motion, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555–56. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se

---

[2] The City includes with its motion a declaration of Sergeant Keith Jones of the City's Department of Public Safety, who avers that the City is not responsible for policies, training, or supervision at the Essex County Correctional Facility. (ECF No. 13-2.) Consideration of this declaration, which contradicts the allegations in Mr. Grossy's complaint, would exceed the proper boundaries of a motion to dismiss. *See United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 256 (3d Cir. 2016), *cert. denied* ___ S. Ct. ___, 2017 WL 2266457 (Oct. 2, 2017). Although I could convert the motion to one for summary judgment upon proper notice, *see* Fed. R. Civ. P. 12(d), it is not necessary to do so, *see infra*.

litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

As a general matter, a plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Municipal liability under § 1983, as permitted by *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), requires affirmative conduct by the municipality and cannot accrue based solely on vicarious liability. *See Los Angeles Cty. v. Humphries*, 562 U.S. 29, 35–36 (2010); *Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 174–75 (3d Cir. 2017); *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014). "A municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation." *Mann*, 872 F.3d at 175; *see also Thomas*, 749 F.3d at 222; *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009). Liability may also exist on a *Monell* claim based on a municipal defendant's failure to properly train

4

employees to avoid violating constitutional rights. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011).

The Court here takes judicial notice of § 2-75 of the Code of the County of Essex.[3] Essex Cty. Code § 2-75. This section creates the Essex County Department of Corrections and directs that department, "under the direction and supervision of [its] Director" to "[o]perate and maintain in a safe, sanitary and humane manner the County jail and jail annex as required by federal and state laws, rules and regulations."[4] *Id.* In short, as a matter of law, the County Department of Corrections operates county correctional facilities. To survive this motion to dismiss, Mr. Grossy would have to plead facts adequate to allege a plausible claim that, in this case, the City was responsible for policies, supervision, or training at the Essex County Correctional Facility. The complaint merely presents a conclusory statement that the City "is ultimately responsible for the approval of policy and procedure within the facility." Because that statement is legally erroneous on its face, at least some factual support for it would be required to push it over the plausibility threshold. No such facts are pled. Accordingly, the City's motion to dismiss the complaint as against itself will be granted.

## IV. THE MOTION TO APPOINT PRO BONO COUNSEL

Mr. Grossy now moves for an order appointing him pro bono counsel. (ECF No. 16.) He asserts that he cannot present an effective case, lacks knowledge of procedural rules, and is unable to pursue a necessary investigation. (*Id.*)

---

[3] In deciding a motion to dismiss under Rule 12(b)(6), a court may consider, among other things, matters of public record, of which it may take judicial notice. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[4] The Court additionally notes that the State of New Jersey has set guidelines and minimum standards for adult county correctional facilities under title 10A, chapter 31, of the New Jersey Administrative Code. *See* N.J. Admin. Code §§ 10A:31-1.1 through -30.5.

5

Generally, civil litigants have no constitutional or statutory right to counsel. *See United States v. Zoebisch*, 586 F. App'x 852, 856 (3d Cir. 2014). In some cases, the need for representation is great, and thus 28 U.S.C. § 1915(e)(1) grants district courts broad discretion to request the appointment of attorneys to represent indigent civil litigants in appropriate circumstances. The Court recognizes, however, that "volunteer lawyer time is extremely valuable" and, for that reason, that "district courts should not request counsel . . . indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). The Court must bear in mind "the significant practical restraints on the district court's ability to appoint counsel: . . . the lack of funding to pay appointed counsel[] and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

When evaluating an application for the appointment of pro bono counsel, the Court assesses seven factors originally identified by the United States Court of Appeals for the Third Circuit in *Tabron v. Grace*, 6 F.3d 147:

1. the potential merit of the applicant's legal position;

2. the applicant's ability to present the case without counsel;

3. the complexity of the legal issues involved;

4. the extent of factual discovery and the applicant's ability to investigate and to comply with discovery rules;

5. the extent to which the case may turn on credibility determinations;

6. whether expert testimony will be needed; and

7. whether the applicant can afford paid counsel.

*See Pricaspian Dev. Corp. v. Martucci*, No. 11-1459, 2011 WL 2429315, at *2 (D.N.J. June 13, 2011) (citing *Tabron*, 6 F.3d at 155, 158); *Prudential Ins. Co. of Am. v. Dobson*, No. 08-3951,

2009 WL 115966, at *1–2 (D.N.J. Jan. 16, 2009) (same). A finding of potential merit of the applicant's arguments is a threshold determination that must be established before considering any other factors. *See Dobson*, 2009 WL 115966 at *2; *Protameen Chems., Inc. v. Chinchilla*, No. 05-3383, 2007 WL 174163, at *1 (D.N.J. Jan. 22, 2007).

As against certain other defendants, I have found Mr. Grossy's claims possess enough merit to survive the initial screening process. (*See* ECF no. 4) His *in forma pauperis* would suggest that he is unable to pay for counsel. Nonetheless, on balance of the *Tabron* factors, appointment of pro bono counsel does not appear warranted in this case. We are at an early stage, and the merits of the claims, while not lacking, have not been established, either. It does not look as if the legal issues or needed discovery will be complex, and Mr. Grossy has demonstrated an adequate ability to present issues to the Court. There may or may not be credibility issues that would defeat summary judgment; it is too early to tell. At least at this stage, I see no pressing need for expert testimony, although it may be more necessary if the case should proceed to the damages phase. Accordingly, Mr. Grossy's motion for appointment of pro bono counsel will be denied without prejudice to renewal if and as appropriate.

## V. CONCLUSION

For the foregoing reasons, defendant the City of Newark's motion to dismiss the complaint (ECF No. 13) will be granted, and the claims as against the City of Newark will be dismissed without prejudice. Mr. Grossy's motion for appointment of pro bono counsel (ECF No. 16) will be denied without prejudice.

DATED: December 7, 2017

KEVIN MCNULTY
United States District Judge